IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br>   Plaintiff,<br><br>        v.<br><br>**[1] EDILIO MEJIA NUÑEZ**, and<br>**[2] JAZMÍN HERNANDEZ TRINIDAD**,<br>   Defendants. | CRIM. NO. 24-198 (GMM-MDM) |

**REPORT AND RECOMMENDATION**
**AS TO DEFENDANT [1] MEJIA NUÑEZ ONLY**

I. **INTRODUCTION AND BACKGROUND**

On May 29, 2024, the grand jury returned a three-count indictment against defendants [1] Edilio Mejia Nuñez and [2] Jasmín Hernández Trinidad ("Indictment") charging them with several violations of federal law. More specifically, defendant Mejia Nuñez was charged with being an alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5) (Count One); and reentry by a removed alien, in violation of 8 U.S.C. § 1326(a) (Count Two). Defendant Hernández Trinidad, meanwhile, was charged with harboring illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) (Count Three).

Pending before the Court is defendant [2] Jazmín Hernández Trinidad's motion to suppress ("Motion to Suppress") that was filed on July 10, 2024. *See* Docket No. 22. On July 17, 2024, defendant [1] Edilio Mejia Nuñez filed a motion seeking leave to join defendant Hernández Trinidad's Motion to Suppress. *See* Docket No. 24. Later that same day, the Court granted defendant Mejia Nuñez's motion for leave to join the Motion to Suppress. *See* Docket No. 25. On August 28, 2024, the Motion to Suppress was referred to the undersigned for the holding of a hearing, if necessary, and the preparation of a report and recommendation. *See* Docket No. 38.

Case 3:24-cr-00198-GMM-MDM    Document 72    Filed 01/14/25    Page 2 of 5

United States v. [1] Edilio Mejia Nuñez                                                                     Page 2
Crim. No. 24-198 (GMM-MDM)

The Motion to Suppress alleges,[1] in relevant part, that on May 19, 2024, at approximately 5:30PM, the defendant was driving her car on First Street in the Comunidad Punta Salinas, in Toa Baja, PR, when she was pulled over by police because the tinting on her windows was allegedly too dark and did not comply with state law. Docket Nos. 22 & 50. She alleges that everyone was ordered to exit the vehicle, whereupon the officers began searching the car without a warrant. *Id.* Upon searching the vehicle, officers found a firearm inside a closed bag underneath the front passenger's seat. *Id.* All the occupants were placed under arrest and were taken to police headquarters for processing. *Id.* Defendant Hernández Trinidad was driving and defendant Mejia Nuñez, an illegal alien, was a passenger in the vehicle. *Id.*

After conducting an initial review of the Motion to Suppress, it was evident that the Motion to Suppress, on its face, was deficient because it lacked the submission of an affidavit or an unsworn statement under penalty of perjury that can 1) support a claim that the defendants have standing to challenge the occurrence of an illegal search or seizure, and 2) can substantiate defendants' factual allegations through an individual with personal knowledge of the relevant facts. Given the motion's patent deficiencies, the undersigned issued an Order to Show Cause on September 26, 2024, as to "why this Court should not summarily deny the Motion to Suppress (*see* docket no. 22), without holding an evidentiary hearing, due to the failure to make the necessary threshold showing that both defendants 1) have standing to claim that an illegal search or seizure occurred, and 2) can substantiate the factual allegations through an individual with personal knowledge of the relevant facts." Docket No. 45. The Order to Show Cause required a response from both parties by on or before Friday, October 11, 2024. *Id.*

On October 10, 2024, defendant Hernández Trinidad filed a response to the Order to the Show Cause ("Response to the Order to Show Cause"). *See* Docket No. 50. In her Response to the Order to Show Cause, defendant Hernández Trinidad

---

[1] These facts were taken directly from the Motion to Suppress (*see* docket no. 22) and defendant Hernández Trinidad's Response to the Order to Show Cause (*see* docket no. 50). By issuing this Report and Recommendation, however, the Court is not making any findings of facts related to the Motion to Suppress.

Case 3:24-cr-00198-GMM-MDM   Document 72   Filed 01/14/25   Page 3 of 5

United States v. [1] Edilio Mejia Nuñez                                                                Page 3
Crim. No. 24-198 (GMM-MDM)

submitted two affidavits, including one of her own, alleging that the car she was driving when she was stopped by police is registered in the name of her mother but that she is the primary driver, the only person who possesses the keys, and the only person who has control over the vehicle. *See* Docket 50-1 and 50-2. To date, however, defendant Mejia Nuñez has still not responded to the Order to Show Cause.

## II.  LEGAL DISCUSSION

It is well-settled that before embarking upon the merits of a suppression challenge, a criminal defendant must show that he had a reasonable expectation of privacy in the area searched and in relation to the items seized. *United States v. Aguirre*, 839 F.2d 854, 856 (1st Cir. 1988) (citing *United States v. Salvucci*, 448 U.S. 83 (1990). Unless and until the "standing" threshold is crossed, the *bona fides* of the search and seizure are not put legitimately into issue. *Aguirre*, at 856.

To establish standing, a defendant "must show that he had both a subjective expectation of privacy and that society accepts that expectation as objectively reasonable." *United States v. Vilches-Navarrete*, 523 F.3d 1, 13 (1st Cir. 2008) (citing *California v. Greenwood*, 486 U.S. 35 (1988)). In cases dealing with the search of a vehicle, for example, a defendant must demonstrate ownership, possession, or control of the vehicle as a preliminary step in establishing a reasonable expectation of privacy. Consistent with that premise, the First Circuit has catalogued the following list of factors which are pertinent to this threshold inquiry: ownership, possession, and/or control; historical use of the property searched, or the things seized; ability to regulate access; the totality of the surrounding circumstances; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of such an expectancy under the facts of a given case. *United States v. Aguirre*, 839 F.3d 854, 856-57 (1st Cir. 1988); *See e.g.*, *United States v. Gómez*, 770 F.2d 251, 254 (1st Cir. 1985); *United States v. Lochan*, 674 F.2d 960, 965 (1st Cir. 1982). A mere brief association with the vehicle is not sufficient to establish a reasonable expectation of privacy. *United States v. Payne*, 119 F.3d 637 (8th Cir). For example, being a mere passenger in a vehicle does not entitle one to challenge a search of the interior of the vehicle. *Rakas v. Illinois*, 439 U.S. 128, 143-44 (1978) ("[P]etitioners,

Case 3:24-cr-00198-GMM-MDM   Document 72   Filed 01/14/25   Page 4 of 5

United States v. [1] Edilio Mejia Nuñez                                                    Page 4
Crim. No. 24-198 (GMM-MDM)

who asserted neither a property nor a possessory interest in the automobile searched nor an interest in the property seized, and who failed to show that they had any legitimate expectation of privacy in the glove compartment or area under the seat of the vehicle in which they were merely passengers, were not entitled to challenge the search of those areas). In U*nited States v. Symonevich*, 688 F.3d 12, 19 (1st Cir. 2012), the First Circuit held that,

> As a general proposition, "[a] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his [or her] Fourth Amendment rights infringed." In the context of a vehicle search, a passenger who has "asserted neither a property nor a possessory interest in the automobile, nor an interest in the property seized," has made no showing that he or she has a legitimate expectation of privacy in, for example, the area under the seat of the car in which he or she was "merely [a] passenger [ ]." Under such circumstances, a vehicle search does not infringe upon the passenger's Fourth Amendment rights. Thus, the passenger lacks standing to challenge the search.

*Id.* at 19. (Internal citations omitted).

In this case, by failing to respond to the Order to Show Cause, defendant Mejia Nuñez has not carried his burden to show that he has standing to challenge the search of the vehicle, nor standing to challenge the seizure of anything that was found inside the vehicle, including the gun that was found inside a bag under the passenger's seat. By all accounts, the vehicle belongs to defendant Hernández Trinidad and defendant Mejia Nuñez was merely a passenger in the vehicle.

For that reason, the Court finds that defendant Mejia Nuñez has failed to demonstrate that he has standing to challenge the search of the interior of defendant Hernández Trinidad's vehicle, and as such, the undersigned recommends that the Motion to Suppress be denied as to defendant Mejia Nuñez.

Case 3:24-cr-00198-GMM-MDM   Document 72   Filed 01/14/25   Page 5 of 5

United States v. [1] Edilio Mejia Nuñez                                              Page 5
Crim. No. 24-198 (GMM-MDM)

### III.  CONCLUSION

For the reasons espoused above, the Court **RECOMMENDS** that the Motion to Suppress be **DENIED** as to defendant Mejia Nuñez based on his lack of standing to challenge a search of a vehicle in which he was merely a passenger. (Docket 22).

**IT IS SO RECOMMENDED.**

The parties have fourteen days to file any objections to this Report and Recommendation. Failure to file the same within the specified time waives the right to appeal this Report and Recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 14th day of January 2025.

*s/Marshal D. Morgan*
MARSHAL D. MORGAN
UNITED STATES MAGISTRATE JUDGE